# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **WESTERN WATERSHEDS PROJECT, COTTONWOOD ENVIRONMENTAL LAW CENTER,** <br>           Plaintiffs, <br><br> v. <br><br> **SECRETARY OF THE INTERIOR SALLY JEWELL, NATIONAL PARK SERVICE,** <br><br>           Defendants. | Case No. 1:14-cv-00742 (CRC) |

## OPINION AND ORDER

This case is about two species of cacti that are dear to both the environmental groups bringing this action and, apparently, the cows grazing in Utah's Capital Reef National Park. The groups have sued Secretary of the Interior Sally Jewel and the National Park Service for allegedly endangering the existence of the cacti by permitting cattle to graze in the park. The Secretary and the Park Service have filed a motion to transfer venue, arguing that this is essentially a local dispute that belongs in Utah rather than Washington, D.C. The Court agrees. It will grant the motion and transfer the case to United States District of Utah.

**I.     Background**

Plaintiffs Western Watersheds Project ("WWP") and Cottonwood Environmental Law Center ("Cottonwood") are nonprofit organizations dedicated to the protection and restoration of wildlife and watersheds, including endangered species. Am. Compl. ¶¶ 10–11. WWP is located in Hailey, Idaho, and Cottonwood is located in Bozeman, Montana. Defs.' Mem. in Supp. of Mot. to Change Venue 8. They filed a suit in this Court alleging that the National Park Service ("NPS") violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4332, et seq., the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Endangered Species Act ("ESA"),

16 U.S.C. § 1536, by permitting cattle grazing in Utah's Capitol Reef National Park in a manner that threatens the existence of two species of rare cacti, Sclerocactus wrightiae and Pediocactus winkleri. Am. Compl. ¶¶ 1–4.

In response, Secretary Jewell and NPS answered the Complaint and moved to transfer the case to the U.S. District Court for the District of Utah. Defs.' Answer; Defs.' Mot. to Change Venue. Secretary Jewell and NPS argue that the District of Utah is the appropriate venue for this suit because Capitol Reef National Park, the local NPS offices responsible for Capitol Reef, the two species of cacti, and the administrative record are all located in Utah. Defs.' Mot. to Change Venue at 1; Mem. in Supp. at 5. They also assert that transferring the case would not inconvenience the parties, particularly since WWP and Cottonwood are located much closer to Utah than the District of Columbia. Id. WWP and Cottonwood oppose the motion, contending that the issues being litigated carry national significance; that transfer would prejudice their interests; and that this Court could resolve the case efficiently because the average judge's docket in this district is quantitatively smaller than that in the District of Utah. Pls.' Opp'n. at 1.

**II.     Standard of Review**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). In actions against officers or employees of the United States, venue is proper in any district where "(A) a defendant in the action resides, [or] (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. 1391(e)(1). District courts exercise their discretion to decide whether to grant a motion to change venue "according to individualized, case-by-case consideration of fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622, (1964) (internal quotation marks omitted)). Yet, "a court may not

transfer a case from a plaintiff's chosen forum simply because another forum, in the court's view, may be superior to that chosen by the plaintiff." W. Watersheds Project v. Pool, 942 F. Supp. 2d 93, 96 (D.D.C. 2013) (quoting Sierra Club v. Van Antwerp, 523 F.Supp.2d. 5, 11 (D.D.C.2007) (internal quotation marks omitted)).

In deciding motions to transfer, district courts consider both private interest factors of the parties involved as well as public interest factors that "come under the heading of 'the interest of justice.'" Stewart, 487 U.S. at 30. The private interest factors include: "(1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof." Sierra Club v. Flowers, 276 F.Supp.2d 62, 65 (D.D.C. 2003). The public interest factors are: "(1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the transferor and transferee courts; and (3) the local interest in deciding local controversies at home." Id. The moving party bears the burden of establishing that transfer satisfies these criteria. S. Utah Wilderness Alliance v. Lewis, 845 F.Supp.2d 231, 234 (D.D.C. 2012).

**III.  Analysis**

Both this district and the District of Utah meet the threshold requirements for proper venue in this case: Secretary Jewell is located in Washington, D.C., 28 U.S.C. 1391(e)(1)(A), and a substantial portion of the events giving rise to the claim occurred in Utah, where the park and the cacti are also located. 28 U.S.C. 1391(e)(1)(B). The Court therefore must weigh the factors related to the convenience of the parties and the interests of justice.

In a very similar recent case brought by WWP, a fellow court in this district considered a motion to change venue to the District of Utah and concluded that "on balance, the private and public interest factors weigh in favor of transfer." W. Watersheds Project, 942 F. Supp. 2d at 97.

3

This Court concludes likewise. As in that case, "deference to plaintiffs' choice of forum is diminished because the District of Columbia has no meaningful ties to the controversy, and 'perhaps [the] most important factor—the interest in having local controversies decided at home'[—]tips strongly in favor of transfer." Id. (quoting Pres. Soc. of Charleston v. U.S. Army Corps of Eng'rs, 893 F.Supp.2d 49, 54 (D.D.C.2012) (internal citation omitted); see also M & N Plastics, Inc. v. Sebelius, 997 F. Supp. 2d 19, 23 (D.D.C. 2013) ("deference to the plaintiff's choice of forum . . . gives way when that choice is not their 'home forum' and 'where there is an insubstantial factual nexus between the case and the plaintiff's chosen forum'")(citations omitted). In fact, the D.C. Circuit has cautioned that "[c]ourts in this circuit must examine challenges to . . . venue carefully" because plaintiffs may "nam[e] high government officials as defendants" when a claim "properly should be pursued elsewhere." Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993).

That appears to be the case here. While WWP and Cottonwood may genuinely believe this discrete dispute possesses national significance, neither plaintiff is located in the District of Columbia and, as Secretary Jewell and NPS note, Capitol Reef National Park, the local NPS offices responsible for Capitol Reef, the administrative record, and the two species of cacti themselves are located in Utah. Defs.' Mot. to Change Venue at 1; Mem. in Supp. at 5. For these same reasons, in addition to Western Watersheds Project, "over the past decade three similar cases have been transferred by courts in this District to the District of Utah." 942 F. Supp. 2d at 103 (citing S. Utah Wilderness Alliance v. Lewis, 845 F. Supp. 2d 231 (D.D.C. 2012); S. Utah Wilderness Alliance v. Norton, 315 F. Supp. 2d 82 (D.D.C. 2004); S. Utah Wilderness v. Norton, No. 01-2518, 2002 WL 32617198 (D.D.C. June 28, 2002)). The courts in all three cases "found that Utah's interest in the case was substantial and outweighed any interest in litigating the case in the District of Columbia." S. Utah Wilderness Alliance v. Norton 315 F.Supp.2d at 89 (quoting S. Utah Wilderness v. Norton,

2002 WL 32617198, at*9). WWP and Cottonwood have provided no compelling new reasons for this Court to diverge from these prior rulings.

The sole factor that perhaps militates in favor of maintaining venue in this district is the relative congestion of the two districts, as the District of Utah had "more pending cases per judgeship than the District of Columbia" as of 2013. Pls.' Opp'n. at 4. Putting aside the possibility that the relative complexity of the two courts' dockets may not be reflected in this purely mathematical statistic, this one factor, on its own, does not outweigh all of the others. Accordingly, the Court will follow the well-worn path of other courts in this district and grant Defendants' motion.

### IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendants Secretary of the Interior Sally Jewell and the National Park Service's Motion to Change Venue [ECF No. 11] is GRANTED. It is further

**ORDERED** that the Clerk shall transfer this case to the U.S. District Court for the District of Utah.

**SO ORDERED.**

                                                         CHRISTOPHER R. COOPER
                                                         United States District Judge

Date: September 23, 2014